# CRIMINAL DOCKET - U.S. District Court

**U.S. vs. PATTERSON, KENNETH RANDOLPH a/k/a Kenneth R. Patterson, et al**

- PO: 0419 / 2 / 1909 (Assigned)
- Misd.: 0419 / 1 / 1909
- Felony: XX District
- Case Filed: 06/04/91
- Docket No.: 00081, Def. 1
- No. of Def's: 1
- Offense on Index Card: Bank robbery

## I. CHARGES

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISM. NG |
|---|---|---|---|
| 18:2113(a) 924(c)(1) | By force take from another money in care of bank. Ct. 1 | 2100 | 1 / 1 |
| 18:2113(b) | Take from bank money insured by FDIC. Ct. 2 | 3100 | 1 / 1 |
| 18:2113(d) | By force take from another money in bank and put in jeopardy the lives of others. Ct. 3 | 1100 | 1 / 1 |
| 18:922(g)(1), 924 | Receive firearm which had been shipped & transported in interstate commerce by conv. felon. Ct. 4 | | 1 / 1 |

## II. KEY DATE

- INTERVAL ONE — KEY DATE (EARLIEST OF): 6-4-91 (appears-on complaint)
- END ONE / BEGIN TWO — KEY DATE: 7-29-91 (indictment filed/unsealed); 7-11-91
  - a) 1st appears on pending charge / R40
  - b) Receive file R20/21
  - c) X Supsdg; X Ind; Inf
- END INTERVAL TWO — KEY DATE: 3-24-92
  - Trial (voir dire) began, Jury
- 1st appears with or waives counsel / ARRAIGNMENT: 7-30-91
- DISPOSITION DATE: 3-26-92
- SENTENCE DATE: 9-8-92

## III. MAGISTRATE

(blank)

## ATTORNEYS

U.S. Attorney or Asst.: Thomas J. Ashcraft

Defense: 1 XX CJA

William T. Biggers, Atty.
274 Merrimon Ave.
Asheville, N. C. 28801
258-0576

Buncombe Ct ~~Swain Co.~~ Jail
Bryson City, N. C.

---

### V. PROCEEDINGS

| Date | Doc. No. | Proceedings | Start Date / End Date | Ltr. Code | Total Days |
|---|---|---|---|---|---|
| 6-4-91 | 1 | BILL of Indictment. | | | sp |
| 6-11-91 | | WARRANT For ARrest issued along w/true test copy of B/I and del'd. USM. | | | sp |
| 7-2-91 | 2 | U. S. Atty.'s PETITION For Writ of Habeas Corpus Ad Prosequendum. | | | sp |
| 7-3-91 | 3 | WRIT of Habeas Corpus Ad Prosequendum signed by Judge Richard L. Voorhees and del'd. USM w/Petition. | | | sp |
| 7-11-91 | 4 | Superseding BILL of Indictment. | | | sp |
| 7-29-91 | | Deft. appeared w/o counsel and in custody of USM before J. Toliver Davis, U. S. Mag., for initial appearance. Deft. had copy of B/I and understood charges and penalties. Deft. advised of right to counsel and requested court-apptd.; found eligible. Deft. in custody USM. | | | sp |
| 7-29-91 | 5, 6, 7, 8 | MAGISTRATE papers:<br>Minute sheet<br>Election/Waiver of Counsel<br>Financial Affidavit<br>Appt. of Court Apptd. Counsel | | | sp |
| 7-30-91 | | Deft. appeared w/counsel and in custody of USM before J. Toliver Davis, U. S. Mag., for arraignment. Deft. had copy of B/I and understood charges and penalties. Deft. entered pleas of n/g and requested jury trial. Trial set for the Sept., 1991 term. Deft. detained. | | | sp |
| 7-30-91 | 9 | Pretrial ORDER. | | | sp |
| 7-31-91 | 10 | STIPULATION As To Govt.'s Open File Policy. | | | sp |
| 7-31-91 | 11 | ORDER signed by J. Toliver Davis, U. S. Mag., as to Govt.'s open file policy. | | | sp |
| 8-2-91 | 12 | WARRANT For Arrest returned by USM showing arrest 7-29-91. | | | sp |
| 8-20-91 | 13 | Deft.'s MOTION To Extend Time For Pretrial Motions. | | | sp |
| 8-21-91 | 14 | ORDER by J. Toliver Davis, U.S. Mag., allowing deft.'s Motion To Extend Time For Pretrial Motions. Copies dist. | | | sp |
| 8-23-91 | 15 | Deft.'s MOTION To Continue. | | | sp |
| 8-26-91 | 16 | ORDER by Judge Richard L. Voorhees continuing case from the Sept., 1991 term. Copies dist. | 9-16-91<br>11-18-91 | T1 | sp |
| 10-11-91 | 17 | U. S. Atty.'s NOTICE as to defense of alibi. c/s | | | sp |
| 10-11-91 | 18 | U. S. Atty.'s REQUEST For Discovery Reciprocal Discovery Under Open File Policy. c/s | | | sp |
| 10-22-91 | | NOTICE for calendar call for 11-18-91 mld. | | | sp |
| 10-23-91 | 19 | Deft.'s Ex Parte APPLICATION For Investigative Services. (SEALED) | | | sp |
| 11-1-91 | 20 | Deft.'s AFFIDAVIT In Support of Ex Parte Application For Investigative Services. (SEALED) | | | sp |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET     U. S. vs
PATTERSON, KENNETH RANDOLPH
AO 256A

91 | 00081 | 1
Yr. | Docket No. | Def.

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 11-4-91 | 21 ORDER by Judge Richard L. Voorhees that deft.'s motion is allowed to seal ex parte application and affidavit. Copy deft.'s atty. | | | | sp |
| 11-7-91 | 22 Superseding BILL of Indictment. | | | | sp |
| 11-7-91 | Deft. appeared w/counsel and in custody of USM before J. Toliver Davis, U. S. Mag., on s/s B/I. Deft. had copy of B/I and understood charges and penalties. Deft. entered plea of n/g and requested jury trial. Trial set for the Nov., 1991 term. | | | | sp |
| 11-7-91 | 23 PRETRIAL ORDER. | | | | sp |
| 11-12-91 | 24 Deft.'s MOTION To Continue. | | | | sp |
| 11-12-91 | 25 U. S. Atty.'s RESPONSE To Motion To Continue. c/s | | | | sp |
| 11-13-91 | 26 ORDER by Judge Richard L. Voorhees continuing case. Copies dist. | | 11-18-91 1-22-92 | T1 | sp |
| 1-6-92 | NOTICE for calendar call for 1-22-92 mld. | | | | |
| 1-10-92 | 27 Deft.'s MOTION To Continue. c/s | | | | sp |
| 1-10-92 | 28 ORDER by Judge Richard L. Voorhees continuing case. Copies dist. | | | | sp |
| 2-27-92 | NOTICE for calendar call for 3-18-92 mld. | | | | sp |
| 3-5-92 | 29 ORDER by Judge Richard L. Voorhees allowing Govt.'s motion for a peremptory setting. Copies dist. | | | | sp |
| 3-16-92 | 30 U. S. Atty.'s NOTICE of Intent To Offer Evidence Under Rule 404(b) and Other Rules of the Federal Rules of Evidence. c/s | | | | sp |
| 3-18-92 | 31 MOTION To Exceed Limitation On Counsel Fees. | | | | sp |
| 3-19-92 | 32 ORDER by Judge Richard L. Voorhees allowing deft.'s counsel to claim compensation for more than the maximum. Copies dist. | | | | sp |
| 3-23-92 | Case called before Judge Richard L. Voorhees for hearing on pending Motions: Govt.'s Notice of Intent To Offer Evidence Under R. 404(b)--Court ruled on various evidence to be presented--to be ruled on further if the need arises; Deft.'s Motion To Suppress Identification & Photographic Lineup--denied. | | | | sp |
| 3-23-92 | 33 STIPULATION As To Conviction. | | | | |
| 3-23-92 | 34 STIPULATION As To Admissability of Photographs | | | | |
| 3-23-92 | 35 Deft.'s MOTION In Limine and Motion To Strike Mention of Alias. c/s | | | | |
| 3-23-92 | 36 Deft.'s MOTION In Limine To Exclude Mention of Deft.'s Prior Criminal Record Except As Impeachment of Deft. on Cross-Examination. c/s | | | | sp |

Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 3-23-92 | 37 Deft.'s MOTION In Limine To Exclude Use of Crimes Alleged To Have Been Committed By Deft. For Which He Has Not Been Charged and To Exclude Evidence of Prior Crimes. c/s | | | | |
| 3-23-92 | 38 Deft.'s MOTION To Suppress Identification and Photographic Line Up. c/s | | | | |
| 3-23-92 | 39 Deft.'s RESPONSE To The Govt.'s Notice of Intent To Offer Evidence. c/s | | | | |
| 3-23-92 | 40 Deft.'s AFFIDAVIT In Support of Employment of Expert Witness and Ex Parte Application For Employment and Payment of Expert Witness Fee. | | | | sp |
| 3-23-92 | 40a STIPULATION As To Possession of Firearm. | | | | sp |
| 3-24-92 | 41 Deft.'s MOTION To Reconsider Suppression of Evidence. | | | | sp |
| 3-24-92 | Case called for trial before the Court and jury. Deft. present w/counsel and in custody of USM. A jury of 12 w/2 alternates was selected and impaneled. Instructions to the jurors given by the Court. Jury excused for lunch. Hearing on Govt.'s motion to reconsider--Court announced rulings. Jury ret'd. Opening statements by counsel. Govt.'s evidence (see witness/exhibit lists in file). Recess until 3-25-92. | | | | sp |
| 3-25-92 | Case recalled before the Court and jury. Govt.'s evidence cont'd. Govt. rests. Jury excused to 3-26-92. Deft. moved for judgment of acquittal pur. to R. 29--denied. Recess to 3-26-92. | | | | sp |
| 3-25-92 | 41a ORDER by Judge Richard L. Voorhees allowing deft.'s motion for services of weapons expert. Copies dist. | | | | sp |
| 3-26-92 | In chambers hearing. Case recalled before the Court and jury. Deft.'s evidence (see witness/exhibit lists in file). Deft. rests. Govt.'s rebuttal. Govt. rests. Jury excused to jury room. Court dismissed ct. 4 of B/I. Jury ret'd. Arguments of counsel to the jury. Jury excused to jury room. In chambers hearing w/counsel Re: newspapers found in jury room containing an article. Court ordered newspaper be made an exhibit. Each of the jurors were questioned individually. Parties agreed that the Court could inquire of the remainder as a group. Jury ret'd. to Courtroom. Court's charge to the jury. Jury retired to the jury room to deliberate. Jury returned to Courtroom at 5:21 w/verdict of guilty to cts. 1,2,3. Deft. moved for judgment of acquittal notwithstanding the verdict--denied. | | | | sp |
| 3-26-92 | 42 VERDICT Sheet. | | | | sp |
| 6-5-92 | 43 AUTHORIZATION & Voucher for Expert & Other Services - Daniel R. Jones, Investigator - $800.00. | | | | sw |
| 8-5-92 | NOTICE for sentencing for 9-3-92 mld. | | | | sp |
| 9-8-92 | Deft. appeared w/counsel and in custody of USM before Judge Richard L. Voorhees for sentencing. Deft. & counsel given chance to speak before judgment. JUDGMENT: 387 mos., followed by 5 yrs. sup. release, under standing conditions and special conditions: 1. W/i 72 hrs. of release from prison report to probation office in district where released. | | | | |

| DATE | PROCEEDINGS (continued) —(Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
|  | 2. Obey standard conditions of sup. release.<br>3. Pay $150 assessment.<br>4. Not commit any crimes, local, state or federal.<br>5. Pay $1,000 restitution to First Citizens Bank.<br>6. Not possess a firearm or other dangerous weapon.<br>7. Pay cost of court-appt. counsel.<br>Deft. advised of right to appeal.<br><br>JS-3 |  |  |  | sp<br><br>sp |
| 10-5-92 | 44 JUDGMENT In A Criminal Case. |  |  |  | sp |
| 10-5-92 | 45 PRESENTENCE Rpt. (SEALED) |  |  |  | sp |
| 11-10-92 | 46 AUTHORIZATION & VOUCHER for EXPERT & OTHER SERVICES – Ron Heacock, Ballistics – $70.00. |  |  |  | sw |
| 1-4-93 | 47 APPOINTMENT of and AUTHORITY to Pay Court Appointed Counsel – William T. Biggers – $4,009.00. |  |  |  | sw |

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

WESTERN District of NORTH CAROLINA

FILED
ASHEVILLE, N.C.
92 OCT -5 PM 3:21
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| KENNETH RANDOLPH PATTERSON | Case Number: B-CR-91-81 |
| (Name of Defendant) | William T. Biggers |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s)  1, 2 & 3  after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2113(a) 924(c)(1) | By force take from others money in care of bank. | 5-18-90 | 1 |
| 18:2113(b) | Take money from bank insured by FDIC. | 5-18-90 | 2 |
| 18:2113(d) | By force take from others money in bank and put in jeopardy the lives of others. | 5-18-90 | 3 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).

☒ Count(s) __4__ (is)(are) dismissed on the motion of the United States. by the Court

☒ It is ordered that the defendant shall pay a special assessment of $150.00, without interest for count(s) 1, 2 & 3, which shall be due ☒ immediately ☒ as follows: Due & payable during incarceration with any balance to be paid during supervised release, on a schedule approved by the Probation office.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 1-14-55

Defendant's Mailing Address:
Buncombe County Jail

September 8, 1992
Date of Imposition of Sentence

_[signature]_
Signature of Judicial Officer

Defendant: Kenneth Randolph Patterson  
Case Number: B-CR-91-81

Judgment—Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>Three Hundred Eighty-Seven (387) Months. This term consists of 327 Months on each count to run concurrently as among Counts 1,2,3, and consecutively in reference to the Florida sentence of 10 years imposed on or about April 15, 1987, as specified in #49 of the Presentence Investigation. That sentence in reference to Counts 1,2,3 of 327 Months is to run concurrently as to any other sentences which are pre-existing. In addition, the Court imposes the final 60 Months of the total 387 month sentence to run consecutively to any pre-existing sentence.</u>

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____

with a certified copy of this judgment.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) Years**

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☒ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☒ The defendant shall not possess a firearm or destructive device.

```
Obey standard conditions of supervised release.
Not commit any crimes, local, state or federal.
Pay the cost of court-appointed counsel, without interest, on a schedule approved by
 the Probation Office.
```

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

enneth Randolph Patterson  
-CR-91-81

Judgment—Page __4__ of __5__

## RESTITUTION AND FORFEITURE

### RESTITUTION

shall make restitution to the following persons in the following amounts:

**Payee**                                   **Amount of Restitution**

tizens Bank & Trust Co.  
gate Rd.  
, N. C.                                     $1,000.00, without interest

ition are to be made to:

tates Attorney for transfer to the payee(s).

ə paid:

iä    /.

ər than _____.

thly installments over a period of _____ months. The first payment is due on the date of
t. Subsequent payments are due monthly thereafter.

s according to the /ø//ø/w/hty/ schedule of payments: Due and payable during on with any balance to be paid during supervised release, on a schedule the Probation office.

ɔe divided proportionately among the payees named unless otherwise specified here.

### FORFEITURE

is ordered to forfeit the following property to the United States:

Defendant: Kenneth Randolph Patterson
Case Number: B-CR-91-81

Judgment—Page 5 of 5

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 34

Criminal History Category: VI

Imprisonment Range: 262 to 327 months [(plus 5 yrs. consecutive for 18:924 (c)(1)]

Supervised Release Range: 3 to 5 years

Fine Range: $ 17,500. to $ 175,000.

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ 1,000.00    First Citizens Bank & Trust Co.
530 Westgate Rd., Franklin, N. C.

☒ Full restitution is not ordered for the following reason(s):
Defendant's inability to pay.

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):
The Government and the Defendant stipulated to a sentence of 387 months. The Government agrees not to take certain actions pursuant to this stipulation, and the Defendant feels that this is in his best interest.

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):