Page 2
FILED
ASHEVILLE, N.C.
JUN 10 2016
U.S. DISTRICT COURT
W. DIST. OF N.C.

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western District Of N.C |
|---|---|
| Name (under which you were convicted): Kenneth Randolph Patterson | Docket or Case No.: 1:16 CV 162/2:91 CR 81 |
| Place of Confinement: Edgefield, South Carolina Federal Inst. | Prisoner No.: 08997-058 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) Kenneth Randolph Patterson |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   U.S. District Court
   Western District Of North Carolina
   Ashville Division

   (b) Criminal docket or case number (if you know): B-CR-91-81

2. (a) Date of the judgment of conviction (if you know): September 8, 1992

   (b) Date of sentencing: September 8, 1992

3. Length of sentence: 387 months

4. Nature of crime (all counts):
   By force take from others money in care of bank 18:2113(A) 924 (C)(1) Count 1
   Take money from bank insured by FDIC 18:2113 (b) Count 2
   by force take from others money in bank and put in jeopardy the lives of others. Count 3 18:2113 (d)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? NA

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒
9. If you did appeal, answer the following:
    (a) Name of court: N/A
    (b) Docket or case number (if you know): N/A
    (c) Result: N/A
    (d) Date of result (if you know): N/A
    (e) Citation to the case (if you know): N/A
    (f) Grounds raised: N/A

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know): N/A
        (2) Result: N/A
        (3) Date of result (if you know): N/A
        (4) Citation to the case (if you know): N/A
        (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? N/A

(1) First petition: Yes ☐ No ☐ N/A

(2) Second petition: Yes ☐ No ☐ N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: I relied on my attorney to properly advise me on legal issues and was advised and lead to believe I had no grounds for an appeal.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**
I'm serving an unlawful sentence in excess of statutory maximum for 18:2113(A) 924(C) 18:2113(B) 18:2113 (d)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The maximum term of imprisonment for a violation of 18 U.S.C Section 2113(d) which is the most serious of all charges carried a max of 25 years. The Judgment and Comittment shows the court sentenced me to a term of 327 months on each count 1,2,3 then they sentenced me to a consecutive 60 months assuming the 60 months is for the 924(C)(1) conviction for use of a weapon during the commission of a violent crime. The sentences are illegal in many aspects:(1) 2113(B) carries a max of 10 years and 2113(A) carries a max of 20 years. A sentence of 327 months on each count exceeds the statutory maximum. The statutes (2113)(A)(B)(D) are not categorically crimes of violence, and after the Supreme Court: June 26th,2015 decision in Johnson Vs. United States,"the residual clause" in 924(C)(3)(B) is equally UnConstitutionally vague. (See Judgment And Committment) Document. Page 2

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

I did not Appeal because my attorney said there was not any issue to Appeal.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Because I relied upon my attorneys experience with law to know what he was talking about when he told me I did not have any issue to Appeal. I trusted his judgment and legal training. If I didn't have an issue to Appeal I didn't think I had an issue to file anything until I learned about the U.S Supreme Court decision in June 2015 about the Risidual Clause being Unconstitutional.

GROUND TWO: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐   N/A

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

## GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Direct Appeal of Ground Three:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐ No ☐ N/A
    (2) If you did not raise this issue in your direct appeal, explain why:
        N/A

(c) Post-Conviction Proceedings:
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐ No ☐ N/A
    (2) If your answer to Question (c)(1) is "Yes," state:    N/A
    Type of motion or petition: N/A
    Name and location of the court where the motion or petition was filed:
N/A
    Docket or case number (if you know): N/A
    Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐  N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐  N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐  N/A

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:**

N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐ N/A

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐ N/A

(2) If your answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐ N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐ N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐ N/A

(6) If your answer to Question (c)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:  N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: I was unaware until the U.S Suprme Court decision in the June 26th,2015 case of Johnson VS. United States

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.  N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:
    William T.Biqqers

    (c) At trial:
    William T.Biqqers

    (d) At sentencing:
    William T.Biqqers

(e) On appeal:

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* The limitation period began on June 26th, 2015 when the United States Supreme Court decided on Johnson Vs. United States, 135 s.ct.2551,192 L.Ed 2d 569 (2015) which declared the Risidual Clause Unconstitutionally vague for not giving fair notice in violation of the due process clause in the fifth Amendment to the United States Constitution.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

```
Immediate Release from my present confinement location
Federal Correctional Institution, Edgefield, South Carolina
```

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on JUNE 6, 2016 (date).

*Kenneth Randolph Patterson*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
KENNETH RANDOLPH PATTERSON

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November)

Case Number: B-CR-91-81

William T. Biggers
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __1, 2 & 3__
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense

| Title & Section | Nature of Offense | Date Offense Concluded |
|---|---|---|
| 18:2113(a) 924(c)(1) | By force take from others money in care of bank. | 5-18-90 |
| 18:2113(b) | Take money from bank insured by FDIC. | 5-18-90 |
| 18:2113(d) | By force take from others money in bank and put in jeopardy the lives of others. | 5-18-90 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☒ Count(s) __4__ (is)/(are) dismissed on the motion of the United by the Court
☒ It is ordered that the defendant shall pay a special assessment of $150.00, without interest for __1, 2 & 3__, which shall be due ☒ immediately ☒ as follows: Due during incarceration with any balance to be paid during supervised release, on approved by the Probation office.
IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this distr 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and spe assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 1-14-55

Defendant's Mailing Address:
Buncombe County Jail
Asheville, N. C. 28801

Defendant's Residence Address:

September 8, 1992
Date of Imposition of Sentence

Signature of Judicial Officer

RICHARD L. VOORHEES, Chief Judge, U.

Name & Title of Judicial Officer

September 8, 1992
Date

Certified to be a true and correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: [signature]
Deputy Clerk
Date 7/9/2014

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: Kenneth Randolph Patterson  
Case Number: B-CR-91-81

Judgment—Page 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imp[risoned for] a term of Three Hundred Eighty-Seven (387) Months. This term consists of 327 Month[s per] count to run concurrently as among Counts 1,2,3, and consecutively in reference t[o the] Florida sentence of 10 years imposed on or about April 15, 1987, as specified in [the] Presentence Investigation. That sentence in reference to Counts 1,2,3 of 327 Mon[ths to] run concurrently as to any other sentences which are pre-existing. In addition, [Court] imposes the final 60 Months of the total 387 month sentence to run consecutively [to any] pre-existing sentence.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
_____, with a certified copy of this j[udgment].

_____
United States Marshal

By _____
Deputy Marshal

Defendant: Kenneth Randolph Patterson
Case Number: B-CR-91-81

Judgment—Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of F

Years

While on supervised release, the defendant shall not commit another federal, state, or local crime a illegally possess a controlled substance. The defendant shall comply with the standard conditions tha adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a supervised release that the defendant pay any such restitution that remains unpaid at the commence term of supervised release. The defendant shall comply with the following additional conditions:

☒ The defendant shall report in person to the probation office in the district to which the defendant within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervis

☒ The defendant shall not possess a firearm or destructive device.

```
Obey standard conditions of supervised release.
Not commit any crimes, local, state or federal.
Pay the cost of court-appointed counsel, without interest, on a schedule appro
  the Probation Office.
```

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crim

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete writte the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other accept
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or oll substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contrab in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permissio
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal reco history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with su requirement.


enneth Randolph Patterson  
-CR-91-81

Judgment—Page 4 of 5

## RESTITUTION AND FORFEITURE

### RESTITUTION

 shall make restitution to the following persons in the following amounts:

**Payee**

**Amount of Restitution**

tizens Bank & Trust Co.  
gate Rd.  
, N. C.

$1,000.00, without interest

ition are to be made to:

tates Attorney for transfer to the payee(s).

 paid:

ia /.

er than _____.

thly installments over a period of _____ months. The first payment is due on the date of  
t. Subsequent payments are due monthly thereafter.

s according to the /following/ schedule of payments:  Due and payable during on with any balance to be paid during supervised release, on a schedule the Probation office.

e divided proportionately among the payees named unless otherwise specified here.

---

### FORFEITURE
is ordered to forfeit the following property to the United States:

Defendant: Kenneth Randolph Patterson  
Case Number: B-CR-91-81

Judgment—Page 5

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report excep' (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 34

Criminal History Category: VI

Imprisonment Range: 262 to 327 months (plus 5 yrs. consecutive for 18:924 (

Supervised Release Range: 3 to 5 years

Fine Range: $17,500. to $175,000.

☒ Fine is waived or is below the guideline range, because of the defendant's inability to

Restitution: $1,000.00   First Citizens Bank & Trust Co.  
530 Westgate Rd., Franklin, N. C.

☒ Full restitution is not ordered for the following reason(s):

Defendant's inability to pay.

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the co' reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence i' for the following reason(s):
The Government and the Defendant stipulated to a sentence of 387 months. Th' Government agrees not to take certain actions pursuant to this stipulation, ;' the Defendant feels that this is in his best interest.

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):